CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED Danville
AUG 0 1 2005
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| TONY R. MILAM, | ) | CASE NO. 4:03CV00025 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| JO ANNE B. BARNHART | ) | By: B. Waugh Crigler |
| Commissioner of Social Security, | ) | U. S. Magistrate Judge |
| Defendant | ) | |

Before the undersigned, under authority of 28 U.S.C. § 636(b)(1)(B), is the April 2, 2004 Motion for Approval of Attorney's Fees filed by J. Willard Greer, Esq. pursuant to 42 U.S.C. § 406(b), seeking approval of a contingent fee for his successful representation of the plaintiff. Counsel for plaintiff seeks an award of $9,846.00 to be paid out of plaintiff's past due benefits.

The Commissioner has objected to an award of any fee which exceeds $5,040.00. She asserts that, under *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817 (2002) an award of any more than that for counsel's 12.6 hours of court-related services would compensate counsel at a rate of $781.00 per hour and would be an unreasonable fee to require plaintiff, who qualified *in forma pauperis*, to pay out of his past due benefits. *See also Brown v. Barnhart,* 270 F.Supp. 2d 769 (W.D. Va. 2003).

Plaintiff's counsel responded to the Commissioner's objection by filing a copy of his fee agreement with plaintiff and a copy of time records showing that, in addition to 12.6 hours spent in court-related services to his client, he spent some 51. 50 hours before the administration. He also informed the court that he received the sum of $4,000.00 on his claim for administrative fees, which was the minimum fee to which he would be entitled under the fee agreement for successful representation of the plaintiff.

It should be noted that if the total fee claimed by counsel, namely $13,846.50, is divided by the total number of hours spent by the counsel both before the administration and the court,

namely 64.1 hours, the quotient is an hourly rate of $216.01. This rate is well within the range of reasonable hourly rates charged in Social Security cases in this District, and it certainly is a reasonable rate for an attorney with Mr. Greer's knowledge and experience in the field. If the principle duty of the court, under *Gisbrecht,* is to fix a "reasonable fee," then it is the undersigned's view that Mr. Greer's fee is more than reasonable which represents the difference between what already has been awarded by the administration as claimed here.

Accordingly, the undersigned RECOMMENDS that an order enter awarding plaintiff's counsel the sum of $9,846.00 as sought in the petition for an award of an attorney's fee under 42 U.S.C. § 406(b). The order should direct that the fees be paid out of the funds withheld for such purposes.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

8/1/05
Date