IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

TONY R. MILAM                              )
                                           )   Case No. 4:03CV00025
            Plaintiff,                     )
                                           )
v.                                         )   **MEMORANDUM OPINION**
                                           )
JO ANNE B. BARNHART,                       )
Commissioner of Social Security,           )   By: Jackson L. Kiser
                                           )       Senior United States District Judge
            Defendant.                     )
                                           )


      Before me is the Report and Recommendation of the United States Magistrate Judge

recommending that an order enter awarding plaintiff's counsel the sum of $9,846.00 as sought in

his petition for an award of an attorney's fee under 42 U.S.C § 406(b).  The Commissioner of

Social Security filed a timely objection to the Report and Recommendation, and the plaintiff has

not responded in the intervening month.  I reviewed Judge Crigler's Report and

Recommendation and the Commissioner's objections.  The matter is now ripe for decision.  For

the reasons stated below, I reject Judge Crigler's Report and Recommendation, but find that

plaintiff's counsel is entitled to a fee of $6,300.00 for his services before the court.


**BACKGROUND**

      In this case, the plaintiff was awarded $41,538.70 Social Security disability benefits.  The

plaintiff's attorney, J. Willard Greer ("Greer"), moved the court to approve an award of

attorney's fees in the amount of $9,846.00, which is equal to twenty-five percent (25%) of the

1

plaintiff's award less the $3,925.00[1] paid to Greer by the Social Security Administration ("SSA")

for his representation of plaintiff before the Administration. The plaintiff entered into a

representation contract with Greer on March 16, 2001. The contract provided that if plaintiff's

claim for benefits was approved, then the attorney's fee would be twenty-five percent (25%) of

all past-due benefits awarded, or $4,000.00, whichever is less. The Commissioner initially

denied the plaintiff's claim for benefits, and the plaintiff appealed to this court. By order entered

January 30, 2004 I adopted Judge Crigler's Report and Recommendation reversing the final

decision of the Commissioner and remanding it for further proceedings. On April 2, 2004, Greer

filed a Motion for Approval of Attorney's Fees pursuant to 42 U.S.C. §406(b), seeking approval

of a contingent fee for his successful representation of the plaintiff. Greer seeks an award of

$9,846.00 to be paid out of plaintiff's past due benefits, but the Commissioner objected to an

award of any fee exceeding $5,040.00. On August 1, 2005, Judge Crigler recommended that the

Commissioner pay Greer $9,846.00 in attorney's fees out of the plaintiff's withheld benefits.

Greer has filed a copy of his fee agreement with plaintiff and a copy of time records reflecting

12.6 hours[2] spent in court related services and 51.5 hours[3] before the administration


**DISCUSSION**

     The Commissioner objects to the authorization of the fee requested by Greer arguing that

---

[1]This amount paid to Greer for his representation of the plaintiff before the SSA
represents the sum of $4,000.00 less the user fee of $75.00.

[2]Counsel's court time therefore constituted approximately 19.7% of his overall time spent
on the plaintiff's claim.

[3]Counsel represented the plaintiff before the Administration from March 8, 2001 through
February 4, 2003, and February 4, 2004 through February 24, 2005.

the fee is not reasonable.  Specifically, the Commissioner argues that the Magistrate Judge erred in considering the time Greer spent representing the plaintiff before the Agency in determining the reasonableness of the attorneys fees pursuant to 42 U.S.C. §406(b).  §406(b) provides for the award of attorney's fees for services rendered in judicial proceedings that result in a favorable award to the claimaint, but the fee must be reasonable and may not in any case exceed 25% of the awarded past-due benefits.  In *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817 (2002), the United States Supreme Court instructed that district courts, in establishing appropriate attorney's fees in social security cases involving contingent-fee agreements, must look first to the agreement itself and determine whether the fee generated is reasonable.  The statutory scheme of §406 and Fourth Circuit precedent indicate that the district court lacks jurisdiction to award attorney's fees for work done before the agency.  *See Ray v. Gardner*, 387 F.2d 162 (4th Cir. 1967) (vacating and remanding an award of attorney's fees because the district court improperly considered the attorney's time spent at the agency level.)  However, the Fourth Circuit has recently held that a district court's consideration of "the time spent and work performed by counsel on the case when it was pending at the agency level . . . was appropriate insofar as it gave the district court a better understanding of the factors relevant to its reasonableness inquiry, such as the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in the district court." *Mudd v. Barnhart*, No. 04-1416 at 6 (4th Cir. 2005).

The Report and Recommendation indicates that Judge Crigler, in determining the reasonableness of the fee sought by Greer, considered the fee in relation to the total hours plaintiff's counsel spent at both the administrative level and the court level.  Specifically, Judge

3

Crigler notes that when the total fee claimed by Greer ($13,846.50) is divided by the combined total of hours spent by Greer before both the administration and the court (64.1 hours), the quotient is an hourly rate of $216.01. Judge Crigler found this rate to be "well within the range of reasonable hourly rates in Social Security cases in this district," and that it was "certainly . . . a reasonable rate for an attorney with Greer's knowledge and experience in the field." (R&R, at 2). While I agree that a rate of $216.01 is a reasonable rate for an attorney such as Greer, I find Judge Crigler's strictly mathematical analysis of Greer's time spent before the administration problematic in light of the Fourth Circuit's holding in *Mudd*. In *Mudd*, the Fourth Circuit upheld the district court's fee award because "th[e] consideration [of the services rendered by Mudd's lawyer at the administrative stage] was simply one factor in the court's evaluation of the overall reasonableness of the contingent-fee agreement." *Mudd* at 3. In the present case, the Magistrate used the time Greer spent before the agency simply as a means to formulate an hourly rate upon which to base his determination of reasonableness. No further analysis was made as to whether Greer's time before the agency offered a better understanding of the factors relevant to the reasonableness inquiry articulated by the Fourth Circuit in *Mudd*. Therefore, I must reject the Magistrate's Report and Recommendation.

However, Greer is still entitled to a reasonable fee. "[I]n order to assess the reasonableness of the fee sought for a particular case, it is necessary to consider all the time and effort expended by the attorney during the course of the adjudication." *Mudd v. Barnhart*, 2003 WL 23654009 (W.D.Va.), *aff'd, Mudd v. Barnhart*, No. 04-1416 (4th Cir. 2005). For an attorney of Greer's experience in social security cases, his devotion of more than 50 hours before the administrative agency reflects that plaintiff's case was indeed complex. Similarly, had Greer not

4

devoted such time and preparation at the administrative level, it is less likely that he could have effectively represented the plaintiff before this court. Also, the fact that Greer risked receiving nothing for the time he invested only highlights the significance of his efforts. The record reflects that Greer has been already been awarded $3,925.00 for his services before the administration. Considering the circumstances of this case, I find it is reasonable that he be compensated an additional $6,300.00 for the 12.6 hours he spent before this court. Such a fee is wholly consistent with the expectations of the parties at the time the agreement was executed and rewards Greer for his expertise and diligence in successfully securing more than $41,000 in back-benefits for his client.

## CONCLUSION

For the reasons stated above, I reject Judge Crigler's Report and Recommendation but approve and authorize a fee of $6,300.00 for release to plaintiff's counsel.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

Entered this 29th day of August, 2005.

s/Jackson L. Kiser
Senior United States District Judge

5